UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-20027 |
| ) | |
| DAVID LITMAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

This matter is now before the Court on the appropriate restitution and fine. For the reasons stated below, Defendant is ordered to pay $279,900 in restitution. No fine is imposed due to the substantial restitution obligation.

### PROCEDURAL HISTORY

On March 10, 2021, this Court sentenced Defendant David Litman to twenty-four months of imprisonment on four counts of bank fraud (Counts 1, 2, 4, and 5), to run concurrently with each other, two years of supervised release on each count, also to run concurrently with each other, and a $400 special assessment. d/e 3/10/2021. Counts 3, 6, 7, 8, and 9 were dismissed. *Id*.

The Court reserved the issue of restitution and a fine and ordered the parties to submit a written brief within fourteen days. *Id*. The Court requested the briefs to specifically address: (1) whether the victim banks received a tax or other benefit at the time of the fraud by showing a loss; and (2) if so, how that loss would be affected by an order of restitution. On March 25, 2021, the Government filed its Position Regarding Restitution and Fine and requested that the Court order Defendant to pay $279,900 in restitution, pursuant to the Mandatory Victims Restitution Act, and no fine in light of the substantial restitution obligation. (Doc. 90). This Order follows.

1

## RELEVANT LAW

The Mandatory Victims Restitution Act of 1996 ("MVRA") requires a sentencing court to order restitution to victims of offenses against property committed by fraud or deceit, such as bank fraud. 18 U.S.C. § 3663A(a)(1) & (c)(1)(A)(ii); *see, e.g., United States v. Robers*, 698 F.3d 937, 938 (7th Cir. 2012) (noting restitution is "mandatory"), *aff'd*, 572 U.S. 639 (2014). The MVRA requires a sentencing court to "order restitution to each victim in the full amount of each victim's losses as determined by the court without consideration of the economic circumstances of the defendant." § 3664(f)(1)(A). Thus, "Congress intended the MVRA to ensure victims are compensated for the full amount of their losses caused by a defendant's criminal conduct" without consideration of the defendant's ability to pay. *See United States v. Malone*, 747 F.3d 481, 485 (7th Cir. 2014).

## DISCUSSION

As set forth in the Presentence Report, the following financial institutions suffered losses, totaling $279,900:

**Count Two:**
$29,000 (GMAC Mortgage and CIT Group/Consumer Finance, Inc.)

**Count Three:**
$66,000 (Wells Fargo Bank, as affiliate of America's Servicing Company)

**Count Four:**
$18,500 (Bank of America, as successor to Countrywide Home Loans)

**Count Five:**
$44,800 (CitiMortgage)

**Count Six:**
$48,100 (Chase Bank, as purchaser of Washington Mutual)

**Count Seven:**
$32,000 (Chase Bank, as purchaser of Washington Mutual)

**Count Eight:**
$11,500 (GMAC Mortgage, as successor to Homecomings Financial, LLC)

**Count Nine:**
$30,000 (Beneficial Illinois, Inc., d/b/a Beneficial Mortgage Co. of Illinois)

(Doc. 75). At Defendant's sentencing hearing, the Court determined that the amount of the victims' losses was $279,900. The pertinent issue is whether the $279,900 in restitution should be reduced by tax loss or other benefit received by the victim banks.

Based on the MVRA, the Government states that any tax consequences of the loss inflicted by Defendant, or any other potential sources of compensation to the victim banks, should not be considered in imposing restitution. *See* 18 U.S.C. § 3664(f)(1)(B). Section 3664(f)(1)(B) specifically prohibits a sentencing court from considering whether a victim has received or is entitled to receive compensation for the loss from any other source. The Tenth Circuit has held that a court should not offset restitution by the amount a defendant paid in taxes, noting that a "thief is entitled to no credit" for purloined money used to pay taxes. *United States v. Martinez*, 610 F.3d 1216, 1233 (10th Cir. 2010) (quoting *United States v. Stewart*, 321 F. Supp. 2d 652, 657 (D. Md. 2004)). This Court finds that Defendant, who was convicted of bank fraud, should not be given credit for any taxes that the victim banks did not have to pay because of their losses.

## Conclusion

This Court will impose restitution, in total, of $279,900 payable to the entities set forth above. No fine is imposed due to Defendant's substantial restitution obligation. The Clerk is directed to prepare and enter a Judgment in this case.

ENTERED:  March 30, 2021

s/ James E. Shadid  
James E. Shadid  
United States District Court Judge