## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-20027 |
| | ) | |
| DAVID LITMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER AND OPINION</u>

This matter is now before the Court on Defendant David Litman's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (D. 108). For the reasons stated below, his Motion is DENIED.

### BACKGROUND & PROCEDURAL HISTORY

In April 2017, Defendant and his co-defendant, Stacy Hall, were charged with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and four counts of bank fraud, in violation of 18 U.S.C. § 1344 and 2. (D. 1 at 1-9). The grand jury also charged Defendant with four additional counts of bank fraud. *Id*. at 9-13.

Defendant pled guilty to conspiracy to commit bank fraud and three additional counts of bank fraud. (D. 62; d/e 12/17/2019). On March 10, 2021, this Court sentenced him to 24 months' imprisonment on each count, to run concurrently, and ordered him to pay $279,900 in restitution. (D. 91; D. 92; d/e 3/10/2021). The Court ordered him to voluntarily surrender on May 18, 2021. (d/e 3/10/2021).

On May 2, 2021, he filed a motion to extend his voluntary surrender date by at least sixty days based on his medical conditions, his wife's health, and the COVID-19 pandemic. (D. 99). He

argued that his physicians recommended that he not get the COVID-19 vaccine because it could adversely interact with medication he was taking; however, Defendant did not include any recommendation from a medical professional with his motion. *Id*. The Court denied the motion, stating that it addressed these issues when it imposed a below-guideline sentence. (D. 102). On May 18, 2021, Defendant self-surrendered to federal custody. (D. 108 at 11). He is currently incarcerated at the Federal Medical Center in Lexington, Kentucky (FMC Lexington). (D. 110 at 1). His expected release date is January 28, 2023. *Id*.

On August 2, 2021, Defendant filed a *pro se* Motion for Compassionate Release. (D. 108). The Court appointed the Federal Public Defender to represent him. (d/e 8/2/2021). On August 4, 2021, defense counsel filed a Notice of Intent Not to File Amended Motion for Compassionate Release, stating that due to Defendant's extensive *pro se* Motion, it was unnecessary to file an amended motion. (D. 109). On August 12, 2021, the U.S. Probation Office filed a Memorandum stating that Defendant's proposed release plan to reside with his wife was suitable. (D. 110). On August 31, 2021, the Government responded to Defendant's Motion and filed his medical records from the Bureau of Prisons (BOP). (D. 112; D. 114).

Defendant filed two supplements in support of his Motion. On August 20, 2021, he filed a letter regarding the transmissibility of the Delta variant and the conditions at FMC Lexington. (D. 111). On September 3, 2021, he filed another supplement to provide additional information about FMC Lexington and to explain that he did not "refuse" to accept the COVID-19 vaccine. (D. 115). This Order follows.

### LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the BOP file a motion on his or her behalf. § 3582(c)(1)(A). A court may grant a motion only

if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

3

DISCUSSION

## I.    Exhaustion of Administrative Remedies

On June 13, 2021, Defendant submitted a written request for compassionate release to the warden of FMC Lexington. (D. 108 at 27). The warden denied his request on July 7, 2021. (D. 112-2 at 1). The Court finds the exhaustion requirements have been met and will address this matter on the merits.

## II.   Defendant Fails to Establish an Extraordinary and Compelling Reason for Release

Defendant argues compassionate release is warranted due to the Delta variant of COVID-19, his medical conditions, the BOP's inability to provide medical care, and the conditions at FMC Lexington. (D. 108 at 2-14). The Government urges this Court to deny his Motion because he failed to present an extraordinary and compelling reason for release by declining the COVID-19 vaccine. (D. 112 at 1).

### A.   FMC Lexington

Defendant argues that it is impossible for him to practice social distancing in a prison environment and that the "new highly transmissible variants pose a clear threat to [his] safety." (D. 108 at 4-9; D. 111 at 1-3). He also complains of inadequate medical treatment, medication changes, and lack of accommodations for his dietary restrictions. (D. 108 at 8-9).

FMC Lexington houses approximately 1,157 inmates. *FMC Lexington*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/lex/ (last visited on Sept. 21, 2021). None of the inmates at FMC Lexington currently have COVID-19. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited on Sept. 21, 2021). Nine inmates, but no staff members, have died. *Id*. To date, 595 inmates and ninety-four staff members who contracted COVID-19 have fully recovered. *Id*. At FMC Lexington, 933 inmates and 337

4

staff members are fully vaccinated against COVID-19. *Id*. With cases down and vaccinations up, the Court finds that it appears that COVID-19 infections are waning at this facility despite new variants of the virus.

### B. Defendant's Medical Conditions

Defendant argues that the COVID-19 pandemic and his medical conditions constitute extraordinary and compelling reasons for compassionate release. (D. 108). Defendant is unvaccinated and suffers from, *inter alia*, chronic ulcerative colitis and has a history of DVT blood clots. *Id*. at 3, 5. He alleges that his health conditions and the immunosuppressing medications he uses to treat them, specifically Humira and Imuran, elevate his risk of complications from COVID-19. *Id*. at 2. According to his treating physician,

> [chronic ulcerative colitis] is an autoimmune disease that is life long, often progressive and not curable. He is currently on Humira which is an injection administered every week. He is also on Imuran which is an oral medication. These medications are considered immunocompromising and require very close follow up and compliance. If left untreated this disease can lead to hospitalization, surgery, and increases his risk for blood clots leading to heart attack and stroke. He is currently on anticoagulation medication as he has recently been diagnosed with a deep vein thrombosis. We are recommending that he practice social distancing to decrease his risk of exposure during the COVID-19 Pandemic as he may be at a higher risk for complications from the virus.

(D. 75 at 16).

Despite his medical conditions and fear of contracting the virus, Defendant declined the Pfizer COVID-19 vaccine when it was offered to him in May and June 2021. (D. 114 at 65, 115, 119). He claimed that he was unable to produce antibodies because his "immune system's ability to respond to the vaccine is blunted." (D. 108 at 3). In his Motion, Defendant noted that no COVID-19 vaccine had received full, non-emergency approval by the Food and Drug Administration; however, this is no longer the case. (D. 108 at 5-6). The Pfizer vaccine received full FDA approval on August 23, 2021. *FDA Approves First COVID-19 Vaccine*, U.S. FOOD & DRUG

ADMINISTRATION, https://www.fda.gov/news-events/pressannouncements/fda-approves-first-covid-19-vaccine (last visited on Sept. 22, 2021). The BOP advised Defendant that it generally recommends the vaccine even for those who take immunosuppressant medication, "although there is evidence it may be less effective for these patients." (D. 114 at 111). Defendant told the BOP that his gastroenterologist advised against vaccination, but he provided no supporting documentation for this alleged recommendation to the BOP or to this Court. *Id*.

Although the CDC recognizes an increased risk of severe illness from the virus for immunosuppressed individuals, this Court finds that Defendant has failed to demonstrate an extraordinary and compelling reason for compassionate release. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on Sept. 22, 2021). Defendant did not provide any evidence that a medical professional has ever recommended that he not receive the vaccine. In fact, the evidence shows that Defendant may benefit from the vaccination. The CDC recommends vaccination for immunosuppressed individuals and "an additional mRNA dose" in order to "ensure adequate protection against COVID-19." *COVID-19 Vaccines for Moderately to Severely Immunocompromised People*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019ncov/vaccines/recommendations/immuno.html (last visited on Sept. 22, 2021).

Once a vaccine is available to an inmate, compassionate release is not warranted based on the threat of COVID-19 alone. *See United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021) ("Now that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions [based on COVID-19] generally lack merit."). Courts

routinely deny compassionate release to inmates who decline vaccination. As the Seventh Circuit

has stated:

> [A] prisoner who remains at elevated risk because he has declined to be vaccinated
> cannot plausibly characterize that risk as an "extraordinary and compelling"
> justification for release. The risk is self-incurred. . . . The federal judiciary need not
> accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an
> adequate explanation for remaining unvaccinated, when the responsible agencies
> all deem vaccination safe and effective . . . . A prisoner who can show that he is
> unable to receive or benefit from a vaccine still may turn to this statute, but, for the
> vast majority of prisoners, the availability of a vaccine makes it impossible to
> conclude that the risk of COVID-19 is an "extraordinary and compelling" reason
> for immediate release.

*United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *see also United States v. Ugbah*, 4

F.4th 595, 597 (7th Cir. 2021).

As this Court has previously held, it is "inconsistent for [a defendant] to both claim fear of

risk of contracting the virus while refusing medical treatment that would drastically reduce his

risk." *United States v. Garcia*, 2021 WL 1499312, at *3 (C.D. Ill. Apr. 16, 2021). In other words,

a defendant "cannot, on the one hand, listen to the Centers for Disease Control's advice about who

is most at risk of serious illness, but then ignore the same agency's advice to get a vaccine." *United*

*States v. BaptisteHarris*, 2021 WL 1583081, at *2 (D. Me. Apr. 22, 2021). Consequently, a refusal

to be vaccinated "weighs against a finding of extraordinary and compelling circumstance to justify

relief." *Garcia*, 2021 WL 1499312, at *3.

This Court finds that Defendant has failed to establish an extraordinary and compelling

reason for compassionate release. He cannot simultaneously claim that he is at high risk for the

virus and may face severe complications and yet refuse the vaccination, which has been shown to

offer protection against the virus for immunocompromised individuals. *COVID-19 Vaccines for*

*Moderately to Severely Immunocompromised People*, CENTERS FOR DISEASE CONTROL AND

PREVENTION, https://www.cdc.gov/coronavirus/2019ncov/vaccines/recommendations/immuno.

html (last visited on Sept. 22, 2021). Therefore, Defendant's Motion for Compassionate Release is DENIED.

### III.    The Section 3553(a) Factors Do Not Support a Sentence Reduction

Defendant argues that he poses no danger to the community or risk of re-offending and should be allowed to serve the remainder of his sentence on home confinement. (D. 108 at 13-14). The offensive conduct in this case was serious and involved a conspiracy to defraud lending institutions out of thousands of dollars. (D. 1). It has only been a few months since he began serving his 24-month sentence in May 2021. The Court considered the pandemic his medical conditions, and his wife's health when it imposed a below-guideline sentence. (D. 102). Further reducing Defendant's sentence or allowing him to be on home confinement after he declined vaccination would not reflect the seriousness of his offense, promote respect for the law, or provide adequate deterrence. Therefore, even if Defendant had established extraordinary and compelling reasons for compassionate release, a sentence reduction would be unwarranted under the section 3553(a) factors.

#### CONCLUSION

For the reasons stated above, Defendant's Motion for Compassionate Release [108] is DENIED.


ENTERED this 24th day of September, 2021.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
